No. 714

COMMONWEALTH CASUALTY CO. v. HEADERS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8071.   Decided June 13. 1927.

First Publication of this Opinion.

16. ACCIDENT INSURANCE.—118. Automobiles.—1. Insurance company held liable, under standard form of accident policy, to taxicab passenger injured by assault and battery of driver upon such passenger.

2. Word "accident," as used in standard form of accident insurance policy, is broader than in ordinary acceptation of term and includes assault and battery by taxicab driver upon passenger.

Error to Municipal Court.
Judgment affirmed.

McConnell, Blackmore & Cory, Cleveland, for Casualty Co.

Kammer, Geiger & Williams, Cleveland, for Headers.

VICKERY, J.

Headers brought an action in the court below, against the Commonwealth Casualty Co., to recover $640, which he claimed to be due him by reason of attorney fees that he had been compelled to pay in a suit where he was defendant in an action for personal injury occasioned to one Frank Malecek, who was a passenger in a car driven by the servant and employe of said Headers.

Headers was running a line of livery automobiles, and had employed one Gibbons as a driver and Malecek was a passenger in a car driven by Gibbons. Gibbons committed an unwarranted assault and battery upon Malecek, whereupon Malecek brought an action against Headers for the injuries sustained by the act of Header's servant.

Prior to this occurence, Headers had procured a policy of insurance covering his automobile while being used in the ordinary course of business, and this insurance covered injuries by accident. Upon Headers being sued by Malecek, he notified the company of the suit and asked them to defend him, as the policy provided that they should, if the suit in question was coverable by the policy. The company investigated the matter and concluded that the policy did not cover the injuries resulting from an assault made by an employe, even though while in the car that was insured for the defendant Headers and refused to defend the suit. Headers employed the firm of Kammer, Geiger and Williams, and they defended him in two suits, in the first of which the jury disagreed, and the second of which resulted in a verdict in favor of Headers. Thereupon he had a bill presented to him by the above law firm amounting in all to about $640 which sum he paid. Headers brought this action against the Insurance Company for the money he had thus been compelled to pay, for his defense, to the lawyers he had employed. In the court below, judgment was rendered in favor of Headers.

The principal error complained of is that the judgment is contrary to law, on the theory that this policy of insurance did not cover injuries by assault intentionally made by the driver upon a passenger, claiming it was not an accident within the meaning of the word "accident" in the policy.

The case is of the utmost importance, and, in so far as we know just this form of liability has not been determined in Ohio. We have taken the trouble to look up some of the authorities besides those cited by the parties in this action, and we are constrained to come to the conclusion that the word accident, as used in that policy, and let me say in passing that it is the standard form of policy, is broader than the word accident in the ordinary acceptation of the term.

In the instant case the passenger was assaulted by a driver. This was an unforseen event and was surely not to be expected in the ordinary course of events. It must be remembered that there is nothing in this record to show that the passenger incited the affray or was the moving cause of the assault upon him. In so far as it appears, it was an unprovoked and wanton assault in the car driven by Header's servant, and there is an abundance of authority to sustain our theory that this injury was occasioned by an accident within the meaning of the term "accident" of the policy.

The question resolves itself to one single proposition:  Was the company liable to a party injured in the way that this party claims to have been injured, under the terms of this policy?  If it was, then it was the duty of the insurance company to defend, and the mere fact that the defendant was released from obligation, would not at all reflect upon the question of the duty of the insurance company to defend.  The only question would be whether the accident complained of, or the injury complained of, was within the meaning of the terms of the policy.  If it were, the insured might not be liable, but still he would be entitled to have the defense of the company's lawyer when he was sued.

We think the court below was right, and the judgment will therefore be affirmed.

(Sullivan, PJ., and Levine, J., concur.)